Case 1:25-cv-00152   Document 10   Filed on 07/28/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
July 28, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ALIREZA A.,[1] § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:25-cv-152 |
| § | |
| CARLOS D. CISNEROS, *et al.*, § | |
| *in their official capacities,* § | |
|     Respondent. § | |

### ORDER SETTING RESPONSE AND A-FILE SUBMISSION DEADLINE

On July 9, 2025, Petitioner Alireza A. ("Alireza") filed a Petition for Writ of Habeas Corpus alleging that he has been unlawfully detained by federal immigration authorities. Dkt. No. 1. Shortly thereafter, he filed a Motion for a Temporary Restraining Order which requested the Court enjoin Respondent from removing Petitioner Alireza from the United States of America. Dkt. No. 6. The referring District Court heard argument related to the Motion for a Temporary Restraining Order and denied such relief. *See* Minute Entry dated July 18, 2025.

The United States Supreme Court has made clear that for purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner who can produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court notes that the proper respondent is the custodial officer of the facility at which Alireza was allegedly detained at the time of the filing of his petition, here the Port Isabel Processing Center in Los Fresnos, Texas. Dkt. No. 1, p.2.

To facilitate further progress of this petition, it is **ORDERED** that Respondent shall file and serve an answer or other response to the Petition no **later than August 28, 2025** – responding to the allegations of the Petitioner. Respondent shall include a memorandum of law addressing each of the issues raised in the petition. Respondent shall include in his answer or other response: (1) a discussion of any and all custody-review determinations; (2) the status of

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner's last names using only the first initial.

Alireza's removal period; (3) an explanation of any other Government action regarding Alireza's continued detention and any available documentation regarding that detention, and (4) a timeframe for when Alireza will be removed from the United States. All citations to the Immigration and Naturalization Act shall also reference to the appropriate section of the United States Code.

Respondent shall also file under seal – **no later than August 28, 2025** – a Bates stamped copy of Alireza's A-file.

Respondent shall supplement the record with appropriate pleadings and advise the Court of any further custody-review determinations or any changes in the legal character of Alireza's detention, or if Alireza is released on supervision or removed. If Alireza is moved from the Adams County Detention Center in Natchez, Mississippi, Respondent shall notify the Court of Alireza's new location and the expected duration of the new housing assignment.

The Court notes that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441.

**Reply briefing schedules will be considered upon receipt of Respondent's Brief and the Petitioner's A-file.**

Signed on July 28, 2025.

_Karen Betancourt_
Karen Betancourt
United States Magistrate Judge